NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY

| | |
|---|---|
| CESAR ANTIOCO, | : |
| Petitioner, | : **OPINION** |
| v. | : Civil Action No. 08-2112 (WHW) |
| UNITED STATES, | : |
| Respondent. | : |

**Walls, Senior District Judge**

Petitioner Cesar Antioco has petitioned to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.

**FACTS AND PROCEDURAL BACKGROUND**

As part of a plea agreement, petitioner agreed to plead guilty to one count of conspiring to distribute and possess with intent to distribute a controlled substance, specifically cocaine. This violation carried a statutory maximum sentence of life in prison and a mandatory minimum of ten (10) years. (See Plea Agreement with Cesar Antioco at 1 (Dkt. Entry No. 58 (filed Apr. 20, 2004).) At the time of his plea, petitioner was already serving an undischarged sentence imposed by the Southern District of Florida for possession with intent to distribute. In Florida petitioner was known not as Cesar Antioco but as Carlos Blanco. But petitioner failed to disclose to Florida investigators that he was wanted in connection with a drug investigation in New York and New Jersey as Cesar Antioco. (See Transcript of Proceedings Oct. 6, 2004 15:22-16:14 (hereinafter "Sentencing Transcript").) Petitioner would have been exposed to a longer sentence

**NOT FOR PUBLICATION**

in Florida had he revealed this alias. (See id. at 16:15-21.) Consequently, the plea agreement was intended to impose the sentence that petitioner would have faced in Florida had he been forthcoming during the investigation. (See id. at 16:15-17:19.) Both parties stipulated that "the defendant should receive a sentence within the appropriate guideline range within 120 months of the sentence to run consecutively [petitioner's undischarged Florida sentence]." (Plea Agreement at 5, Schedule A, ¶ 5.)

The plea agreement was very closely negotiated among petitioner, his counsel and the government. (See Transcript of Proceedings May 7, 2005, 2:21-2:24 (hereinafter "Resentencing Transcript").) At his plea hearing, the Court inquired as to whether petitioner understood the consequences of the plea agreement.

> Q. That will be a combined total of 265 months which 12 into 265 ends up 22 years plus 1 month or something.
> Do you understand that?
>
> A. Yes, sir.
>
> Q. Knowing that, do you still wish to plead guilty to the charge?
>
> A. Yes, your Honor.

(Transcript of Proceedings 13:4-10, Apr. 20, 2004 (hereinafter "Plea Transcript").)

The Court specifically acknowledged the provision providing that the sentence should be, in effect, 120 months running consecutively with the Florida sentence but also informed petitioner that this provision did not bind the Court in sentencing.

> Q. On paragraph 5, you and the government agree, however, that you should get 120 months of the sentence to run consecutively to the undischarged sentence that you got in Miami. So that would be 10 years.
> Do you understand that?

**NOT FOR PUBLICATION**

      A.      Yes, your Honor.

      Q.      That's what you and the government agreed. That's all the stipulations. I want to make sure you are well aware of this.
Those stipulations that I just discussed with you are binding upon you and the government
Do you understand that?

      A.      Yes, sir.

      Q.      Each of you cannot withdraw from those stipulations unless the plea bargain falls apart because of some other reasons.
Do you understand that?

      A.      Yes, sir, your Honor.

      Q.      But those stipulations are not binding for me. I may accept or reject one or more of those stipulations. I want you to make sure you understand that. If I accept, if I reject one or more of these stipulations, you cannot take back your plea of guilt.

      A.      Yes, your Honor,

      Q.      Do you understand that?

      A.      Yes.

(Id. at 13:11-14:11.)

     The Court advised petitioner that his sentence could, in the Court's discretion, "be made to run concurrent with ... or partially concurrent or consecutive to" petitioner's earlier sentence. (Id. at 12:3-8.) Petitioner informed the Court that he understood and was "certain" that he still wished to plead guilty. (Id. at 12:9-15.) Petitioner pled guilty to the one count and the Court accepted the plea.

     At his initial sentencing the Court reiterated the consequences of the agreement and petitioner claimed that he viewed it as the best he could do under the circumstances.

**NOT FOR PUBLICATION**

> Q. Your attorney says with your knowledge and consent you have agreed to use part of the Guidelines as a framework for your sentence of 188 to 235 months.  Is that true?
>
> A. Yes, your Honor.
>
> Q. You understand what that means?
>
> A. Yes, your Honor.
>
> Q. Because if we were to take, I will not deal with 188, but let's take 235 months and divide that by 12, it comes out to be about, it comes out to be 19 years and 7 months.
> Do you appreciate that?   Nineteen years and seven months.  That's 5 months short of 20 years in jail.
>
> A. Yes, your Honor.
>
> Q. Knowing that, do you agree with what your attorney told me this morning about that as your agreed to range of sentence?
>
> A. I reached a difficult decision by putting all of my trust in my attorney.
>
> Q. Your trust in your attorney may well be placed, but I remind you quite brutally and I want that translated correctly, brutally, that you are going to spend the time in jail, not your trusted attorney.  Do you understand me?
>
> A. Yes, and it is difficult.
>
> Q. It's extremely difficult.  I know it is but I want to make sure that you know what is the significance of what your attorney has told me this morning.  I would rather have you tell me now rather than your telling me months later or seeking to tell me or another court that you did not know the significance and the implications of what was said to me today.
>
> A. Yes, I do understand the significance of all that time I have to do.  But again the way I understood it, this is the best that could have been obtained.

(Sentencing Transcript 11:24-13:10.)

**NOT FOR PUBLICATION**

The Court then sentenced petitioner to 200 months to run concurrently with the Florida sentence. (See Sentencing Transcript 23:12-26:14.) On the advice of his counsel, Paul R. Nalven, defendant appealed this sentence. (Affidavit of Paul R. Nalven, Esq., ¶ 14. ("Nalven Affidavit") (filed Oct. 14, 2008).) The Third Circuit remanded for resentencing under United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005). (See Dkt. Entry No. 68, filed Aug. 26, 2005.) At re-sentencing the Court sentenced petitioner to 120 months to run consecutively to the Florida sentence. (See Resentencing Transcript 13-14:13-25.) Petitioner did not appeal this sentence.

On April 29, 2008, petitioner filed the present motion to vacate the sentence pursuant to 28 U.S.C. § 2255, claiming that his counsel was ineffective at re-sentencing because Mr. Nalven failed to file an appeal after petitioner requested that he do so and because Mr. Nalven failed to argue for a downward departure at re-sentencing. (See Pet.'s Mot. to Vacate (Dkt. Entry No. 1, filed April 29, 2008).) In response, the Government suggested that the Court schedule a hearing to ascertain the factual basis for petitioner's allegations that Mr. Nalven failed to a file an appeal as requested. (See Gov't's Rep. (Dkt. Entry No. 3, (filed Sept. 8, 2008).) The Court ordered the Government to produce an affidavit from Mr. Nalven describing the circumstances of petitioner's plea agreement and sentencing hearings. In such affidavit Mr. Nalven asserts that, after the first sentencing, he advised petitioner to appeal the sentence because it was greater than that stipulated to in the plea agreement, (See Nalven Affidavit ¶ 14.) When petitioner's appeal was successful, Mr. Nalven claims that he informed petitioner that he would argue for a 120 month sentence. (See id. at ¶ 16.) Mr. Nalven told petitioner that he did not believe there were any grounds for

NOT FOR PUBLICATION

appeal of a sentence of 120 months.  (See id. at ¶ 20.)  Mr. Nalven denies that petitioner ever instructed him, "explicitly or implicitly, to appeal the sentence," (Id. at ¶ 21.), and affirms that he never told petitioner that he would file an appeal.  (See id. at ¶ 22.)  Petitioner did not respond to Mr. Nalven's affidavit.

    **LEGAL STANDARD**

Petitioner argues that his counsel was ineffective in two respects.  First, petitioner asserts that Mr. Nalven failed to file a notice of appeal despite petitioner's requests that he do so.  (See id. at 2.)  Second, petitioner asserts that Mr. Nalven failed to argue at re-sentencing that the Court should impose a sentence shorter than 120 months under Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004) and Booker.  (See id. at 2.)  Because the Government believed that petitioner was entitled to a hearing on the first claim, it reserved its right to submit opposition on the second claim.  The Court limits its inquiry here to petitioner's first claim.

To prove an ineffective assistance of counsel claim under the Sixth Amendment a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, see Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984), and (2) that this deficient performance prejudiced petitioner.  See id. at 692.  A petitioner who proves that his attorney failed to abide a request to appeal will meet both prongs of this test.  "[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." Roe v. Flores-Ortega, 528 U.S. 470, 477, 120 S. Ct. 1029 (2000) (internal citations omitted).  If counsel fails to file an appeal after a request, a presumption of prejudice attaches because petitioner is deprived of any appellate proceeding.  See id. at 483.

NOT FOR PUBLICATION

## DISCUSSION

If petitioner were able to prove his allegations that Mr. Nalven failed to file an appeal after being instructed to do so he would be entitled to relief under § 2255. But the record contradicts plaintiff's account.

Section 2255 provides that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Section 2255 provides that "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court must grant a hearing. 28 U.S.C. § 2255(b); see also Solis v. United States, 252 F.3d 289, 294 (3d Cir. 2001) ("Section 2255 requires that a hearing precede any District Court determination of a disputed issue of fact concerning petitioner's entitlement to relief.")

The right to a hearing is protected by a demanding standard but it is not absolute. If the record conclusively shows that petitioner is not entitled to relief the Court need not hold a hearing. In Solis, the Third Circuit applied this standard to a petition asserting allegations similar to those of petitioner, holding that "when a defendant is convicted of a crime and alleges that his lawyer failed to appeal the conviction, and there is a potential factual dispute on this issue, the defendant is entitled to a hearing before the District Court to prove that he made the request and that the lawyer failed to honor it. However, a defendant would not be entitled to a hearing if his allegations were contradicted conclusively by the record, or if the allegations were patently

**NOT FOR PUBLICATION**

frivolous." Solis, 252 F.3d at 295 (citing United States v. Laetividal-Gonzalez, 939 F.2d 1455, 1465 (11th Cir. 1991)). The Second Circuit has also held that "[i]t is within the district court's discretion to determine whether a hearing is warranted." Pham v. United States, 317 F.3d 178, 184 (2d Cir. 2003) (internal citations omitted); see also Rivera v. United States, 2007 U.S. Dist. LEXIS 48481, *30. (S.D.N.Y. 2007) (citing Pham, supra at 184) (holding that a hearing is unnecessary when the court has the plea and sentencing transcripts, the plea agreement and Presentence Report and an affidavit from counsel).

      The Rivera court denied a § 2255 petition when the petitioner's assertion was at odds with the documentary record and was directly contradicted by an affidavit from counsel. See Rivera, supra at *30-34. This decision is not binding upon this Court but it is persuasive. The Court is convinced that a petitioner under § 2255 must do more than petitioner has here. When an affidavit from counsel affirms in detail that petitioner made no request to appeal; when the record contains no evidence that counsel was anything but competent; where the plea agreement is the result of close negotiations involving the petitioner, petitioner's counsel and the government; when there exists no suggestion that petitioner would have any reason to request an appeal; and when a court imposes a sentence that is within the stipulated range as well as at the statutory minimum, a petitioner must do more than make a bare allegation that he requested his counsel file an appeal. The Court is mindful that the merits of petitioner's case are irrelevant on a failure to appeal claim because denial of the appeal itself imposes prejudice. See Roe, supra at 483. In light of this concern, the Court will grant petitioner leave to file an amended petition. If petitioner disputes Mr. Nalven's account he must assert his version of the events in detail in his

-9-

**NOT FOR PUBLICATION**

own affidavit.  If there is then sufficient dispute as to whether the request was made, the Court will order a hearing to make a factual finding.

### CONCLUSION

For the preceding reasons, petitioner shall file within forty (40) days of the date of this Opinion an amended petition along with an affidavit describing the circumstances of his request that his counsel file an appeal.

s/William H. Walls
United States Senior District Judge

**Appearances**

Cesar Antioco
52129-004
Elkton Federal Correctional Institution
Inmate Mail/parcels
P.O. Box 10
Lisbon, OH 44432
        Pro Se Petitioner

Andrew D. Kogan
Office of the US Attorney
970 Broad Street
Room 702
Newark, NJ 07102

Charles B. Mckenna
Office of the US Attorney
970 Broad Street
Room 700
Newark, NJ 07102

**NOT FOR PUBLICATION**

Attorneys for Government